UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN RUMPH,

       Plaintiff,                                  Case No. 2:25-cv-10712
                                                  Hon. Brandy R. McMillion
v.                                                     United States District Judge

HENRY FORD GENESYS HOSPITAL,        Hon. David R. Grand
AFSCME LOCAL 3518, MICHIGAN            United States Magistrate Judge
COUNCIL 925,

       Defendants.
_____/

**<u>ORDER ADOPTING THE RECOMMENDED DISPOSITION
OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(ECF NO. 29), OVERRULING DEFENDANT'S OBJECTIONS
(ECF NO. 34) AND DENYING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT (ECF NO. 28)</u>**

       Plaintiff Robin Rumph ("Ms. Rumph") brought this civil action against Defendants Henry Ford Genesys Hospital ("Henry Ford") and AFSCME Local 3518, Michigan Council 925 (the "Union") (collectively, "Defendants") alleging breach of a collective bargaining agreement and duty of fair representation, and violations of the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 401-531. *See generally* ECF No. 16. This matter was referred to Magistrate Judge David R. Grand to handle all pretrial matters. ECF No. 15.

       On July 17, 2025, Ms. Rumph filed a Motion for Default Judgment against Defendants. ECF No. 28. On July 22, 2025, in a Report and Recommendation

1

("R&R"), the Magistrate Judge recommended that the Court deny Plaintiff's Motion for Default. ECF No. 29. At the end of the R&R, the Magistrate Judge advised the parties that to seek review of his recommendation, they had to file specific objections with the Court within 14 days of service of the R&R. *Id.* at PageID.560-561. On August 4, 2025, Ms. Rumph filed timely Objections to the R&R and an Emergency Request for Chief Judge Review. *See* ECF No. 34.[1]

Having reviewed the record and considered Ms. Rumph's Objections *de novo*, the Court concludes that Ms. Rumph raises no argument to warrant disagreeing with the Magistrate Judge's recommendation. Accordingly, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R (ECF No. 29), **OVERRULE** Plaintiff's Objections (ECF No. 34), and **DENY** Plaintiff's Motion for Default Judgment (ECF No. 28).

I.

Ms. Rumph moved for default judgment arguing that both Defendants failed to timely respond to her Amended Complaint. She states that Defendants were properly served by the U.S. Marshal on June 25, 2025, and therefore responsive

---

[1] Ms. Rump also filed pleadings which Magistrate Judge Grand either struck from the record or adjudicated on the merits. *See* ECF Nos. 35, 37, 39-42, 44-47. However, most recently, Ms. Rumph filed another Emergency Motion for the Chief Judge to stay this case and strike all the Magistrate Judge Orders. *See* ECF No. 50. Because the Chief Judge lacks any authority to perform the relief requested in said motion, it is **STRICKEN** from the docket. *See Nat'l Solid Wastes Mgmt. Ass'n v. Granholm*, 315 F. Supp. 2d 867, 870 (E.D. Mich. 2004); *Langworthy v. Tuck*, No. 23-13016, 2025 WL 1645892, at *5 (E.D. Mich. June 10, 2025) (citing *Nat'l Solid Wastes*); *see also* E.D. Mich. LR 83.11(b)(2).

pleadings were due on or before July 16, 2025. *See* ECF No. 28, PageID.553; ECF No. 34, PageID.573. She alleges that neither Defendant filed an answer by the deadline and therefore she is entitled to a default judgment. *Id.* Magistrate Judge Grand issued an R&R suggesting that the motion be denied because the Union filed an Answer on July 15, 2025. *See* ECF No. 29, PageID.559 (citing ECF No. 26). Judge Grand also found that Ms. Rumph's motion was procedurally improper because the court cannot enter a default judgment prior to the clerk's entry of default, the Union timely filed its answer, and default couldn't be entered against Henry Ford as it was unclear if it had been properly served. ECF No. 29, PageID.559-560.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the

3

part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004).

The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-cv-47, 2013 WL 1304470 at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted). The Court also need not undertake any review of portions of a report to which no party has objected. *See Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

**III.**

As a threshold matter, the Court notes that Ms. Rumph's Objections are general arguments that fail to raise specific objections to Magistrate Judge Grand's determination on the issues before the Court. *See e.g.,* ECF No. 34, PageID.574 (argument that Magistrate Judge Grand should be disqualified for bias), PageID.575 (argument that Plaintiff's due process rights have been violated for failure to be heard), PageID.575-576 (argument that status conference was held off the record), PageID.578 (argument that answer from Union is "just full of neither deny or

4

agree"). None of these arguments are objections that have any bearing on Magistrate Judge Grand's recommendation to deny the motion for default judgment.

And for the arguments that address the issue of default, Ms. Rumph simply restates her previous arguments submitted in favor of the motion or default. *Compare* ECF No. 28 *with* ECF No. 34. Because objections must be clear so that the Court can "discern those issues that are dispositive and contentious" and mere restatement of argument is not appropriate or sufficient, the Court summarily overrules Ms. Rumph's Objections. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Funderburg v. Comm'r of Soc. Sec.*, No. 2:15-cv-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016).

Nonetheless, the Court finds the arguments contained in both the Objection and the Motion for Default Judgment to be without merit. First, Ms. Rumph is not even entitled to a Clerk's Entry of Default against the Union, as it filed an answer on July 15, 2025, prior to the July 16, 2025 deadline for response. *See* ECF Nos. 25, 26. And a Clerk's Entry of Default would be required before Ms. Rumph could move for a default judgment against either Defendant. Fed. R. Civ. P. 55. This is a step she failed to follow, rendering her request for a default judgment premature.

Second, in seeking a default judgment, Ms. Rumph bears the burden of perfecting service of process and showing that proper service was made. *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). Based on the record before the Court, she cannot meet that burden. It is true a Certificate of

5

Service was filed for both Defendants. *See* ECF No. 25. However, the Green Return Service Postcard that was addressed to "Renee Emmerling" was signed/returned by "A Waters." *Id.* at PageID.520. While this is evidence that someone at the address received the documents, it is not indicative of whether the proper person necessary to effectuate service for a corporate entity under federal law (an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process), *see* Fed. R. Civ. P. 4(h)(1)(B), or state law (officer, registered agent, director, trustee, or person in charge of an office or business establishment of the corporation), *see* M.C.R. 2.105(D)(1)-(2), actually received the documents. Nor can the Court discern that the location that it was sent to be the proper address for service.

For this very reason, Magistrate Judge Grand issued a subsequent Order directing Plaintiff to provide the proper service address for Henry Ford and extended the summons so that the U.S. Marshal could attempt proper service once that information is provided. *See* ECF No. 49, PageID.798. This Court will therefore deny the motion for default judgment against Defendant Henry Ford without prejudice, and grant Ms. Rumph leave to refile it if after properly identifying the proper parties and address of Defendant Henry Ford, service is effectuated, and Henry Ford does not respond timely.

Consequently, the motion for default judgment should be denied and the Objections are overruled.

## IV.

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Grand's Report and Recommendation (ECF No. 29). Plaintiff's Objections (ECF No. 34) are **OVERRULED**. Plaintiff's Motion for Default Judgment (ECF No. 28) is **DENIED WITH PREJUDICE** as to Defendant AFSCME Local 3518, Michigan Council 925 and **DENIED WITHOUT PREJUDICE** as to Defendant Henry Ford Genesys Hospital.

**IT IS HEREBY ORDERED**, consistent with Magistrate Judge Grand's Order Directing Plaintiff to Provide Proper Service Address for Defendant Henry Ford Genesys Hospital (ECF No. 49), on or before **September 24, 2025**, Ms. Rumph shall file a document identifying the address where Henry Ford may be properly served. Failure to comply with the Court's order may result in dismissal of this action pursuant to Fed. R. Civ. P. 41.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Chief Judge to Stay (ECF No. 50) is **STRICKEN**.

**IT IS SO ORDERED.**

Dated: September 16, 2025  s/Brandy R. McMillion
    Detroit, Michigan  HON. BRANDY R. MCMILLION
  United States District Judge

7