UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN RUMPH,

                Plaintiff,              Civil Action No. 25-10712

v.                                              Brandy R. McMillion
                                                United States District Judge

HENRY FORD GENESYS HOSPITAL,
AFSCME LOCAL 3618, MICHIGAN        David R. Grand
COUNCIL 925                                  United States Magistrate Judge

                Defendant.
_____/

## ORDER REQUIRING PLAINTIFF TO SPECIFY LOCATION OF PERSONAL INFORMATION AND DIRECTING THE COURT CLERK TO REVOKE PLAINTIFF'S PRO SE UPLOAD PRIVILEGES

On March 13, 2025, plaintiff Robin Rumph ("Rumph") commenced this action against the following named defendants:

- "Ascension Genesys Hospital, formerly known as Henry Ford Ascension Hospital"

- "Local 3518 AFSCME, Council 25, formerly known as Local 3518, AFSCME Michigan 925," and the following three "Union Co-Defendants":

    - "Rebecca Shedrick, Union President"
    - "Ashlee Zimmer, Former Union President, currently Chief Steward" and
    - "Nora Grambu, AFSCME, Michigan 925, Chief Council Rep."

(ECF No. 1).[1]

On May 19, 2025, Rumph filed an Amended Complaint, this time naming only two defendants: "Henry Ford Genesys Hospital" and "AFSCME Local 3518, Michigan Council

---

[1] An Order of Reference has been entered, referring all pretrial matters to the undersigned pursuant 28 U.S.C. § 636(b). (ECF No. 15).

1

925." (ECF No. 10).² The law is clear that "[a]n amended complaint supersedes all prior complaints," which "means the prior complaint becomes a 'nullity.'" *See B&H Medical, L.L.C v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008). In other words, when Ms. Rumph filed her amended complaint **she** changed the name of the Henry Ford-affiliated defendant and removed Shedrick, Zimmer, and Grambu as defendants. The Clerk's Office therefore correctly amended the docket on May 19, 2025, to reflect **the changes Rumph made to her complaint**.³

Now, Ms. Rumph seems to also complain that other defendants are not properly named on the docket, which also is an issue of her own making, as she admits that she incorrectly wrote "the names [] backward by mistake as a pro se [plaintiff]." (ECF No. 55, PageID.830-32). In short, it is not entirely clear who Ms. Rumph wishes to name as a defendant in this action, and what their proper legal names are. The Court will address these issues further in due course.

A complicating factor preventing the Court from moving this case forward as quickly as it would like at this time is that Ms. Rumph has been flooding the docket with a dizzying array of motions. Again, the Court will address the substance of these motions in due course. This Order, however, focuses only on one such motion and on Ms. Rumph's

---

² These are the only two defendants reflected both in the amended complaint's caption and in its heading, "Parties." (*Id.*, PageID.112-13). Indeed, under the "Parties" heading, Rumph labels these two defendants "Defendant 1" and "Defendant 2." (*Id.*, PageID.113). There is no "Defendant 3," "Defendant 4," or "Defendant 5." (*Id.*).

³ Rumph's repeated accusations that certain defendants have been fraudulently removed from this action are clearly misguided.

abuse of the Pro Se Upload program.

**Motion to Redact Personal Information (ECF No. 71)**

On September 24, 2025, Ms. Rumph filed an "Emergency Motion to Redact Personal Information." (ECF No. 71). Specifically, she asks the Court to "redact personal information – All damages and SS # List on document." (*Id.*). It is impossible for the Court to tell from this request what ECF Nos. and Page IDs Ms. Rumph contends contain personal identifying information. However, in a later filing (improperly directed to Chief Judge Murphy), Ms. Rumph asks "to have sensitive personal information removed from the public docket, including Plaintiff's Social Security Number" from documents she filed on June 12, 2025. (ECF No. 88). The Court has reviewed the documents Rumph filed on that date (ECF Nos. 19-22), but cannot locate her Social Security number in any of them. And, while some of the documents filed on that date do contain bank statements, the bank account numbers appear to be redacted from many, if not all of them. (*e.g.*, ECF No. 20, PageID.254, 462-64).

Accordingly, Ms. Rumph is **ORDERED** to identify, **by ECF No. and Page ID**, any document she would like the Court to strike from the docket due to it containing protected, personal information.

**Revocation of Ms. Rumph's Pro Se Upload Privileges**

In addition to the aforementioned motion, Rumph has filed 24 other motions over the course of *just the past week*, many of which are duplicative of issues already decided and/or are duplicative of each other. And, as the Court will explain in a forthcoming Order, these motions all lack merit and are improper abusive attacks on the undersigned and Judge

3

McMillion. These filings overwhelm the docket and prevent the Court from effectively managing this case. Further, this Court has already warned Ms. Rumph against captioning her motions as raising "Emergency" issues without an actual immediate need (ECF No. 47), yet at least 12 of the motions she filed in the past week are labeled "Emergency," despite there being no true emergency to the relief sought.

Because Ms. Rumph's repetitive and abusive filings have escalated to a point that the Court cannot fulfill its duty to the parties to "secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, **the Court Clerk is ORDERED** to revoke Rumph's Pro Se Upload privileges until further notice. At this point, Ms. Rumph may still file proper motions either by mail or by hand-delivery to the Clerk's Office. However, **Ms. Rumph is expressly warned that if she continues to file motions that raise issues already decided against her, or ones that are duplicative of other pending motions, the Court may further curtail her ability to file motions in this case without first obtaining leave of Court**.

**IT IS SO ORDERED**.

Dated: October 3, 2025            s/ David R. Grand
                                  DAVID R. GRAND
                                  UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. § 636(b)(1).

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 3, 2025.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager