**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBIN RUMPH,

Plaintiff,

v.

HENRY FORD GENESYS HOSPITAL, AFSCME LOCAL 3518, MICHIGAN COUNCIL 925,

Defendants.
___________________________________/

Case No. 25-cv-10712

Hon. Brandy R. McMillion
District Judge

Hon. David R. Grand
Magistrate Judge

**ORDER ADOPTING THE RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 122), OVERRULING PLAINTIFF'S OBJECTIONS (ECF NOS. 127, 129, 130, 131) AND GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 115)**

Plaintiff Robin Rumph ("Plaintiff" or "Rumph") brought this civil action against Defendants Henry Ford Genesys Hospital ("Henry Ford") and AFSCME Local 3518, affiliated with Michigan 925 (the "Union") (collectively, "Defendants") alleging breach of a collective bargain agreement and duty of fair representation, and violations of the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§

401-531. *See generally* ECF No. 114.[1] This matter was referred to Magistrate Judge David R. Grand to handle all pretrial matters. ECF No. 15.

On February 16, 2026, the Union filed a Motion to Dismiss. ECF No. 115. On July 29, 2026, in a Report and Recommendation ("R&R"), the Magistrate Judge recommended that the Court grant the Motion to Dismiss. ECF No. 122. At the end of the R&R, the Magistrate Judge advised the parties that to seek review of his recommendation, they had to file specific objections with the Court within 14 days of service of the R&R. *Id.* at PageID.1682. On August 5, 2026, Rumph sought an extension of time to file her objections, which the Court granted. ECF Nos. 124, 125. She filed timely Objections to the R&R on in four separate filings between August 18, 2026 and August 21, 2026. *See* ECF Nos. 127, 129, 130, 131.

Having reviewed the record and considered Plaintiff's Objections *de novo*, the Court concludes that Rumph raises no argument to warrant disagreeing with the Magistrate Judge's recommendation. Accordingly, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R (ECF No. 122), **OVERRULE** Plaintiff's Objections (ECF Nos. 127, 129, 130, 131), and **GRANT** the Union's Motion to Dismiss (ECF No. 115).

[1] The operative complaint was filed on February 2, 2026, after the Court addressed Plaintiff's prior misunderstanding regarding multiple filings and clarified her obligation to file a single, operative complaint to address the prior amendments filed and over one hundred exhibits placed on the docket across multiple filings. *See* ECF No. 108, PageID.1480 (referencing ECF Nos. 10, 11, 16, 17-22, 36, 37).

**I.**

The Union filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c). *See generally* ECF No. 115. The Union argues that Counts I, II, and III all allege that the Union breached its duty of fair representation ("DFR") – and therefore those claims should all be dismissed for failure to state a claim upon which relief can be granted. *See id.* at PageID.1522-1523. In the alternative, the Union suggest if the Court treats Count III as distinct from a DFR claim, it similarly fails because Plaintiff has failed to state a claim under Title I of the Labor Management Reporting and Disclosure Act ("LMDRA"), 29 U.S.C. § 411 *et seq*. *Id.* at PageID.1523-1524. Under either theory, the Union argues that Plaintiff's claims are devoid of factual support, equate to legal conclusions, have already been dismissed by the National Labor Relations Board, and are untimely. *Id.* at PageID.1524-1525. Rumph responds that her claims are supported by a developed factual record. *See* ECF No. 117, PageID.1630-1631. She further argues that her claims are not time barred, nor are they barred by the doctrine of res judicata. *Id.* at PageID.1634-1637.

The Magistrate Judge disagreed with Plaintiff. Judge Grand found that Counts I and II both required discharge in violation of a Collective Bargaining Agreement ("CBA") and the Union's breach of fair representation – therefore, these two counts could be analyzed together. ECF No. 122, PageID.1669-1670. In doing so, the Magistrate Judge found that Rumph's Amended Complaint failed to allege sufficient facts to show the Union's conduct was arbitrary, discriminatory or in bad faith. *Id.*

(citing *Vaca v Sipes*, 386 U.S. 171 (1967)). The Court further held that the only claims actionable under the statute of limitations for a hybrid 301 claim were those brought within six months, and therefore Plaintiff's claims were untimely. ECF No. 122, PageID.1675-1676.

The Magistrate Judge similarly found that the allegations relating to Count III under the LMRDA were conclusory and insufficient to state a claim of relief. ECF No. 122, PageID.1677-1678. In doing so, the Magistrate Judge recommended dismissal of Counts I, II, III.[2] The Magistrate Judge also noted that Plaintiff conceded that she "does not seek independent relief" under Count IV, and therefore it was subject to dismissal. *Id.* at PageID.1681 (citing ECF No. 114, PageID.1518).

**II.**

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th

---

[2] The Magistrate Judge found that Counts I and II could be analyzed together because both required a showing that Plaintiff's discharge was a violation of the CBA *and* that the Union breached its duty of fair representation during the grievance process. ECF No. 122, pageID,1669-1670. Therefore, Count I, which was also brought against Defendant Henry Ford, could be dismissed despite Henry Ford not having appeared in the case. *Id.* (citing *Robinson v. Cent. Brass Mfg. Co.*, 987 F.2d 1235, 1238-39 (6th Cir. 1993)). The District Court agrees.

Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004).

The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted). The Court also need not undertake any review of portions of a report to which no party has objected. *See Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

## III.

Plaintiff lodges nineteen specific objections across three separate pleadings. *See generally* ECF Nos. 127, 130, 131.[3] Many of the objections raise the same issues and therefore can be disposed of jointly. Other portions of the pleadings are mere recitations and summaries of previous filings, and not proper objections to the Magistrate Judge's findings or recommendation. The Court will address each in turn.

**Objection Nos. 1, 2, 6, 7, 8, 12, 14, 16, 17**

Plaintiff lodges a myriad of objections to the R&R relating to Judge's Grand's disregard of earlier pleadings, including prior filing of exhibits. She argues that the Court should consider everything that is in the record, not simply what Magistrate Judge Grand deemed to be the operative pleading (ECF No. 114). The Court disagrees.

The Court was more than lenient with Plaintiff in allowing her to submit all her claims in one, single operative complaint that identified all of the defendants she wished to sue and all of the claims asserted against each one. ECF No. 108, PageID.1480. The Court even allowed her to reference previously filed exhibits by Docket Number/PageID as they appeared on the docket, rather than requiring her to

[3] The Court notes that none of the pleadings, include an Objection #9.

refile them all as exhibits to an amended complaint. *Id.* at PageID.1482, n.4. Despite these specific instructions, she failed to comply.

Plaintiff concedes and agrees that there should be one operative complaint (ECF No. 130, PageID.1731), but she now seeks to have the Court look to everything previously filed. However, as explained to Plaintiff, "[a]n amended complaint supersedes all prior complaints," which "means the prior complaint becomes a 'nullity.'" *See* ECF No. 94, PageID.238 (quoting *B&H Medical, L.L.C v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008)). The operative complaint is therefore the Amended Complaint filed on February 6, 2026 (ECF No. 114). The Magistrate Judge was correct to analyze that pleading with respect to the Union's Motion to Dismiss, so these objections are **OVERRULED**.

**Objection No. 3**

Plaintiff objects to the R&R's characterization of the procedural history of this case as "somewhat tortured" and that her approach to filings was "scattershot." ECF No. 127, PageID.1699-1700. This objection has no legal significance to the Magistrate Judge's R&R and is therefore improper. The Objection is **OVERRULED**.

**Objection Nos. 4, 19**

Plaintiff objects to the transfer of her case from the Flint Division to the Detroit Division. ECF No. 127, PageID.1700; ECF No. 131, PageID.1761. This is also an improper objection. Nothing relating to the transfer of her case between

divisions within the Southern Division of the Eastern District of Michigan relates to the issues raised in the Union's Motion to Dismiss or the Magistrate Judge's R&R on that Motion. Nonetheless, the Court has previously explained the process of the case transfer to Plaintiff. *See* ECF No. 108, PageID.1483-1484. Nothing about the transfer was inappropriate. This Objection is **OVERRULED**.

**Objection No. 5**

Plaintiff objects to the R&R's suggestion that she abandoned claims against the terminated Defendants. ECF No. 127, PageID.1701. Plaintiff suggests that Ascension Genesys Hospital is the predecessor of Henry Ford Genesys Hospital and AFSCM Local 3518, Council 25 is the historical name associated with the Union. Assuming that to be true, there is no mistake on the part of the Magistrate Judge in referencing the successor entities. Moreover, the operative Amended Complaint (ECF No. 114) names them as such. *See* ECF No. 114, PageID.1507. As to the individual union defendants, they are not named in the operative Amended Complaint, and therefore any claim against them is not presently before the Court. *Id.* Accordingly, Objection No. 5 is **OVERRULED**.

**Objection No. 10**

Plaintiff objects to the R&R for its alleged failure to address service issues and her request for default. ECF No. 130, PageID.1736. However, those issues were addressed in a separate order and are not germane to the Union's Motion to Dismiss.

Therefore, the Magistrate Judge was not required to include any analysis of these issues in his R&R, and this objection is **OVERRULED**.

**Objection Nos. 11, 18**

Plaintiff objects to the Magistrate Judge relying on the grievance transcript instead of listening to the complete audio recordings of the grievance proceeding. ECF No. 130, PageID.1741; ECF No. 131, PageID.1757. Concurrently with issuing the R&R, Magistrate Judge Grand denied Plaintiff's motion to submit the audio recordings.[4] The Court does not find that it was done in error. As correctly noted, Plaintiff simply states the recording as a whole supports her claims. She does not identify what portions of the recordings are applicable or which support the arguments she makes. The Court needed not sift through the record, listening to recordings to guess at what is applicable. *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)) (the Court may not "'conjure up unpleaded facts to support conclusory allegations.'"). Moreover, the transcript provided is sufficient for the Court to determine that the Union did not exhibit any improper procedure. *See* ECF No. 11-14, PageID.251-253. Plaintiff is required to submit her claims with sufficient particularity to state a claim that is plausible on its face and not merely

[4] Plaintiff also filed a separate objection to the Magistrate Judge's denial of her Motion for Leave to Submit the Audio Recordings (ECF No. 120). *See* ECF No. 129; *see also* ECF No. 123, PageID.1687 (citing ECF No. 122, PageID.1671). For the reasons stated herein, that Objection (ECF No. 129) is also **OVERRULED**.

conclusory statements or legal conclusions; which she failed to do. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, Objection Nos. 11 and 18 are **OVERRULED**.

**Objection Nos. 13, 15**

Plaintiff objects to the R&R because she alleges that she was not afforded a liberal construction of her pleadings and because the R&R reflects a "prolonged restriction on her ability to present and advance her claims and supporting evidence." ECF No. 131, PageID.1750, 1753. As the Court has previously stated, the Court was more than lenient in affording Plaintiff the opportunity to present her claims. It allowed Plaintiff to file the Fourth Amended Complaint and specifically told her that all claims needed to be in the single pleading. ECF No. 108, PageID.1482. And while *pro se* pleadings are afforded liberal construction, *pro se* plaintiffs must still follow the orders and directives of the Court, or risk dismissal of their claims. *In re G.A.D., Inc.*, 340 F.3d 331 (2003). Nonetheless, this objection does not address the specific findings or recommendations of Magistrate Judge Grand regarding the Union's Motion to Dismiss, and therefore it is **OVERRULED**.

**IV.**

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Grand's Report and Recommendation (ECF No. 122). Plaintiff's Objections (ECF Nos. 127, 129, 130, 131) are **OVERRULED**. The Union's Motion to Dismiss (ECF No. 115) is **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint (ECF No. 114) is **DISMISSED WITH PREJUDICE**.

***This is a Final Order that closes the case.***

**IT IS SO ORDERED.**

Dated: September 1, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge